**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| THOMAS W. HOWES, | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-18-00431 |
| | * | |
| NEW YORK LIFE INSURANCE COMPANY, | | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Thomas Howes seeks to vacate an arbitration award issued in favor of Defendants New York Life Insurance Company, LLC and NYLife Securities LLC (collectively, "New York Life"). ECF No. 1. Defendants moved to dismiss Plaintiff's petition. ECF No. 16. Because Plaintiff did not serve timely notice of its application to vacate the award on Defendants, the Court must grant Defendants' Motion to Dismiss.

On January 26, 2018, a panel of Financial Industry Regulatory Authority ("FINRA") arbitrators issued Defendants an Award based on an arbitration held in Washington, D.C. ECF No. 1 at 2. The Parties were served with the Award on January 29, 2018 via the FINRA portal. *See* ECF No. 1-5. On February 12, 2018, Plaintiff filed the instant Motion to Vacate. ECF No. 1. On March 5, 2018, this Court issued an order directing the Clerk of Court to prepare and issue a summons to Plaintiff so that he could effectuate service of process. ECF No. 3.

The Federal Arbitration Act (FAA) requires "[n]otice of a motion to vacate, modify, or correct an award" to "be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Additionally, when, as here, the adverse party is

1

not a resident of the district where the award issued, notice of the motion "shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court." *Id.*

Further, to the extent that Federal Rule of Civil Procedure 4 still governs notice of a motion to vacate an arbitration award, under Rule 4(h), a corporation must be served either by:

> [following the law for serving] a summons . . . in the state where the district court is located or where service is made, or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

The Court's March 5, 2018 order "reminded" Plaintiff that service of process on corporations should be made pursuant to Federal Rule of Civil Procedure 4(h), and provided Plaintiff with contact information for the Maryland State Department of Assessments and Taxation, through which Plaintiff could "obtain the name and service address for the resident agent of Defendant" *Id.* at 1. The Court further noted that if "Plaintiff d[id] not use a private process server, and instead [effected service by] certified mail, restricted delivery, return receipt requested, . . . [he] must file with the Clerk the United States Post Office Acknowledgment as proof of service." *Id.* at 1 n.1. Failure to do so, the Court warned, risked dismissal of the case. *Id.* at 2.

Plaintiff failed to comply with the FAA's notice requirements, Rule 4, and the Court's March 5, 2018 order. On March 14, 2018, Plaintiff sent the summons and Motion to Vacate via certified mail to "New York Life Company" at the company's corporate address in New York. ECF No. 5-1. Plaintiff did not address the package to a particular New York Life agent

or employee, nor did he request that the package be sent via restricted delivery. ECF No. 5. Thus, his receipt from the U.S. Postal Service gives no indication of whether the package was served on an individual authorized "by appointment or by law to receive service of process." *See id.* Rather, he merely addressed the package to "New York Life Company." *Id.* Additionally, the Plaintiff never served the Motion to Vacate by marshal as required by the FAA.

Based on these facts, service was insufficient. *See RONCO Consulting Corp. v. Leading Edge Ventures, LLC*, No. CV PWG-17-305, 2017 WL 6336609 at *7 (D. Md. Dec. 12, 2017) (granting defendant's motion to dismiss because plaintiff "never properly served notice of its Complaint to Vacate in the manner required by the FAA because [plaintiff] never did so by U.S. Marshal"); *Gray v. Allied Waste Servs. of Wash.*, No. 11-1612, 2012 WL 2871422 at *1 (D. Md. July 11, 2012) (deeming service deficient under federal law when the summons and complaint were sent via certified mail to a location where defendant's registered agent was not located and the employee who received the mailing was not authorized by law to accept service of process).

In sum, Plaintiff never properly served notice of his Motion to Vacate in the manner required by the FAA or Rule 4 because he never did so by U.S. Marshal and because he did not serve New York Life's registered agent. Consequently, Defendants' Motion to Dismiss for lack of service must be granted. A separate Order shall issue.

Date: <u>November  20 , 2018</u>                                          /s/
                                                                    GEORGE J. HAZEL
                                                                    United States District Judge

3